UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICARDO ANTONIO OSUNA, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02312-WTL-MPB |
| JEFFREY E. KRUEGER Warden, | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Petitioner Ricardo Osuna seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

### I. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence."

*Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1124.

The Seventh Circuit construed the savings clause in *In re Davenport* holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. The Seventh Circuit has explained that, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

## II. Factual and Procedural Background

In July 2010, in the United States District Court for the Middle District of North Carolina, Osuna pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and one count of carrying and using, by brandishing, a firearm during and in relation to a crime of violence, that is, armed robbery, in violation of 18 U.S.C. § 924(c)(1)A)(ii). *See United States v. Osuna*, 1:10-cr-00170-WO-2 ("Crim. Dkt."), Dkt. 17. He was sentenced to an aggregate sentence of 181 months' imprisonment, which included 84 consecutive months for brandishing a firearm during a crime of violence. Crim. Dkt. 30.

Osuna did not appeal. Nor has he filed a motion to vacate his conviction or sentence under 28 U.S.C. § 2255.

On July 30, 2018, Osuna filed a § 2241 petition arguing that his sentence is improper. Dkt. 1, 2. The United States has responded and Osuna has not replied. The petition is now ripe for ruling.

### III. Discussion

Osuna seeks relief pursuant to § 2241 arguing that the Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) invalidate his sentence. *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness, thereby invalidating any increased sentence imposed under that subsection. The *Dimaya* court held that the "residual clause" in 18 U.S.C. § 16(b), which renders deportable any alien convicted of an "aggravated felony" after entering the United States, is impermissibly vague under the Fifth Amendment's Due Process Clause. 138 S. Ct. at 1210.

Osuna cannot obtain relief under § 2241 because he has failed to show that § 2255 is ineffective or inadequate to challenge his sentence. This is because *Johnson* and *Dimaya* are cases of constitutional, not statutory, interpretation and he can pursue any claim based on *Johnson* and *Dimaya* in a motion for relief pursuant to § 2255. This is true even if his § 2255 motion would be successive. *See Garza v. Lappin*, 253 F.3d 918, 992 (7th Cir. 2001) ("The mere fact that [the] petition would be barred as a successive petition under § 2255 . . . is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."); *cf. Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (explaining that to invoke the savings clause a petitioner must establish that he

relies on a statutory case so that he cannot pursue a second or successive 2255 motion). His constitutional claim is therefore not the type of claim that can support relief under § 2241. *See Davis*, 863 F.3d at 964 (explaining that a § 2241 petitioner must rely on a case of statutory interpretation); *see also Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002). Moreover, the Fourth Circuit has held that bank robbery is a crime of violence under the "force" clause, not the residual clause of the ACCA. *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016). Thus, Osuna has failed to establish that he would be entitled to relief under *Johnson*, which invalidated the residual clause of the ACCA, but left the rest of the statute intact. 135 S. Ct. at 2557. In addition, Osuna has presented no argument to support a conclusion that the Supreme Court's interpretation of an "aggravated felony" in *Dimaya* would apply to his conviction for armed bank robbery and the Court can discern none.

### IV. Conclusion

As explained in this Order, Osuna has failed to establish his entitlement to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is therefore **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 3/19/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

RICARDO ANTONIO OSUNA
26714-057
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov